HON. JOHN C. COUGHENOUR

05-CV-01813-AF

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASTE ACTION PROJECT, | ) |
| | ) No. CV05-1813JCC |
| Plaintiff, | ) |
| | ) CONSENT DECREE |
| v. | ) |
| | ) |
| CITY TRANSFER, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

WHEREAS, Plaintiff Waste Action Project, on November 1, 2006, filed a Complaint against Defendant, City Transfer, Inc., alleging violations of the Clean Water Act, 33 U.S.C. § 1251 et seq., relating to discharges of stormwater from Defendant's gravel mine and related facilities located in Sumner, Washington, seeking declaratory and injunctive relief, civil penalties and attorneys fees and costs;

WHEREAS, Defendant denies Plaintiff's claims and any liability for the alleged violations; and

WHEREAS, counsel for the parties to this action have engaged in discussions relating to the potential settlement of this litigation, which discussions have included an assessment of the

CONSENT DECREE - 1

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

facts surrounding the alleged violations; and

WHEREAS, Defendant has undertaken, and is implementing, measures to further ensure compliance with the Clean Water Act at its facility and to address issues raised in the notices of intent to sue served by Plaintiff; and

WHEREAS, Plaintiff and Defendant agree that settlement of these matters is in the best interest of the parties and the public, and that entry of this Consent Decree without additional litigation is the most appropriate means of resolving these actions; and

WHEREAS, Plaintiff and Defendant, by their authorized counsel and without trial or final adjudication of the issues of fact or law, with respect to Plaintiff's claims or allegations, consent to the entry of this Decree in order to avoid the risks of litigation and to resolve the controversy between them.

NOW THEREFORE, without trial of any issue of fact or law, and without admission by the Defendant of the facts or violations alleged in the Complaint, and upon consent of the parties, and upon consideration of the mutual promises herein contained, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction over the parties and subject matter of this action;

2. The undersigned representative for each party certifies that he is fully authorized by the party or parties whom he represents to enter into the terms and conditions of this Decree and to legally bind the party or parties and their successors in interest to it.

3. This Decree shall apply to and be binding upon the parties, and upon the successors and assigns of the parties.

4. This Decree shall apply to Defendant's operation and/or oversight of its mining

and related facilities, including but not limited to the truck shop and maintenance area, located on both sides of the highway at or about 2700 East Valley Highway East, Sumner, Washington.

5.  This Decree constitutes a full and complete settlement of the claims alleged in the Complaint in this case and all other claims known and unknown existing as of the date of filing of this Decree, that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from the facility identified in paragraph 4 of this Decree.

6.  This Decree shall not constitute evidence in any proceeding, an admission or adjudication with respect to any allegation of the Complaint, any fact or conclusion of law with respect to any matter alleged in or arising out of the Complaint, or the admissions or evidence of any wrongdoing or misconduct on the part of the Defendant or its successor.

7.  In full and complete satisfaction of the claims covered by the Complaint filed in this case and all other claims covered by this Decree, as described in Paragraph 5, Defendant agrees to abide by and be subject to the following terms and conditions:

a.  Defendant shall comply fully with all conditions of its NPDES Permit No. WAG-50-1031 ("the NPDES permit") and any successor, modified, or replacement permit;

b.  Defendant has revised its stormwater pollution prevention plan ("SWPPP") based upon comments provided by plaintiff. Defendant has also retained Kathy Hargrave of Sitts & Hill Engineers, Inc. to review Defendant's SWPPP and its implementation of the SWPPP for compliance with conditions of the NPDES permit and defendant will further revise the SWPPP to implement her recommendations. Defendant shall present a revised stormwater pollution prevention plan ("SWPPP") to Plaintiff not later than ten days after entry of this Decree. The SWPPP shall be fully implemented by Defendant as soon as practicable, but not later than

CONSENT DECREE - 3

December 31, 2006. Defendant shall have Kathy Hargrave of Sitts & Hill Engineers, Inc., or another qualified consultant acceptable to Plaintiff, review Defendant's SWPPP and its implementation of the SWPPP for compliance with conditions of the NPDES permit at least once per year for a period of two years, the first such inspection to be performed by the end of March 2007 and the last such mandatory inspection to be performed by the end of March 2008. Defendant shall provide written confirmation of compliance with this review and inspection requirement not later than thirty days after each such inspection and shall also simultaneously forward to Plaintiff a copy of the consultant's written findings.

  c. Defendant shall have installed and fully operational a system to collect and treat through an oil/water separator and containment vault for all stormwater discharges from the truck shop area, including all runoff from the fueling area, not later than October 31, 2006. Procedures for maintenance and operation of this system shall be included in the SWPPP.

  d. Defendant shall fully pave the entire new roadway on the gravel mine portion of its property not later than December 31, 2006.

  e. Defendant shall conduct the discharge monitoring required by the NPDES permit at the locations by collecting discharge samples from discharge streams at the point depicted on the SWPPP. The sample points shall be described as required by the monitoring plan required by Condition S5. of the NPDES permit

  f. If Defendant engages in future construction activities that disturb one acre or more of land surface, Defendant shall obtain coverage under the Construction Stormwater General Permit issued by the Washington Department of Ecology before commencing any construction activities, including land clearing or grading. The stormwater pollution prevention

CONSENT DECREE - 4

plan required under the Construction Stormwater General Permit shall specifically include the following best management practices: 1) staging construction as much as possible to avoid ground disturbing work from October 1 through April 30; 2) phasing construction to maintain existing vegetative cover to the extent possible and as long as possible; 3) containing drainage within the construction zone as much as possible; 4) where drainage cannot be so contained, stabilizing unworked areas with effective vegetation cover supplemented by effective mulch or rolled erosion control product; 5) preventing drainage from off the site flowing onto the construction site; 6) permanently vegetating portions of the site as soon as construction is completed on each portion of the site; and 7) as necessary, supplementing the preceding controls with settling ponds to reduce sediments that still get into runoff before it leaves Defendant's property. These requirements are only for future construction activities and do not apply to Defendant's mining activities.

g. Defendant shall allow Plaintiff to enter Defendant's facilities and property for the purpose of inspecting Defendant's pollution controls and verifying compliance with the requirements of this Decree. Such inspection shall take place at a mutually convenient date and time during the first calendar quarter of 2007 or as otherwise agreed by the parties.

h. Not later than thirty days after the date of entry of this Decree, Defendant shall make a payment in the amount of $15,000 (FIFTEEN THOUSAND DOLLARS) to the City of Sumner for its Salmon Creek Fish/Wildlife Habitat Enhancement Project. Attachment A to this Decree describes the project. Such payment shall be made by check payable and mailed to the City of Sumner, 1104 Maple Street, Sumner, WA 98390, attn: Public Works Director, and shall

CONSENT DECREE - 5

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

bear the notation "Waste Action Project v. City Transfer, Inc., Clean Water Act Settlement for Salmon Creek Fish/Wildlife Habitat Enhancement Project," with a copy to Plaintiff;

i. Within 30 days of the entry of this Decree, Defendant shall pay Plaintiff's reasonable attorney and expert fees and costs in the amount of $25,000.00 (TWENTY-FIVE THOUSAND DOLLARS) by check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Richard A. Smith, in full and complete satisfaction of any claims Plaintiff may have under the Clean Water Act for fees and costs.

8. The Court shall retain jurisdiction over this matter and allow this case to be reopened without filing fee for the purpose of enabling the parties to this Decree to apply to the Court for any further Order that may be necessary to construe, carry out, enforce compliance and/or resolve any dispute regarding the terms or conditions of this Decree. In the event Waste Action Project believes that City Transfer, Inc. is not in compliance with this Agreement, Waste Action Project shall provide written notice to City Transfer describing the asserted noncompliance with particularity. City Transfer shall thereafter have 90 days to respond either with corrective action or with a written response contesting the asserted violation. If thereafter that parties remain in dispute regarding implementation of or compliance with the Decree, the parties shall first attempt to informally resolve the dispute through meetings between the parties. Any party may initiate dispute resolution by serving written notice of a request for dispute resolution. Such written notice shall be made to the opposing party at the address given in paragraph 14, with a copy simultaneously mailed to the party's counsel of record in this matter. If no resolution is reached within fourteen (14) days from the date that notice of the dispute is served, the parties may resolve the dispute by filing motions with the Court. In the event a

CONSENT DECREE - 6

Smith & Lowney, p.l.l.c.
2317 East John Street
Seattle, Washington 98112
(206) 860-2883

motion is made in this Court to enforce the terms of this Decree, the prevailing party shall be entitled to its reasonable costs of litigation, including reasonable attorney and expert witness fees, so long as an award of such costs of litigation does not result in manifest injustice. Plaintiff and Defendant reserve all legal and equitable remedies available to enforce the provisions of this Consent Decree and all applicable law in the future.

9. The parties recognize that no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to 45 days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. EPA pursuant to 33 U.S.C. § 1365(c)(3). Therefore, upon the signing of this Consent Decree by the parties, Plaintiff shall serve copies of it upon the Administration of the U.S. EPA and the Attorney General.

10. This Consent Decree shall take effect on the date it is entered by the Court. This Consent Decree shall terminate two years after the date of entry, or upon completion of all obligations under it, whichever is later.

11. This Consent Decree may be modified only upon the written consent of the parties and the approval of the Court.

12. If for any reason the Court should decline to approve this Decree in the form presented, this Decree and the settlement embodied herein shall be voidable at the sole discretion of either party. The parties agree to continue negotiations in good faith in an attempt to cure any objection raised by the Court to entry of this Decree.

14. Notifications or copies required by this Decree to be made to Plaintiff shall be mailed to Waste Action Project, P.O. Box 4832, Seattle, WA 98104. Notifications required by

CONSENT DECREE - 7

1  this Decree to be made to Defendant shall be mailed to City Transfer, Inc., P.O. Box 1850,
2  Sumner, WA 98390.
3      Dated and entered this 21 day of Feb, 2007

                                  JOHN C. COUGHENOUR
                                  UNITED STATES DISTRICT JUDGE

WASTE ACTION PROJECT

Signature: Greg Wingard

Title: Executive Director

Dated: December 14th, 2006

CITY TRANSFER, INC.

Signature: [signature]

Title: President

Dated: December 18, 2006

CONSENT DECREE - 8

SMITH & LOWNEY, P.L.L.C.
2317 EAST JOHN STREET
SEATTLE, WASHINGTON 98112
(206) 860-2883

Attachment A

# City of Sumner, WA

### Salmon Creek Fish/Wildlife Habitat Enhancement Project

Salmon Creek is a fish bearing year round stream that has been dredged, re-channeled, and manipulated over the years. It is fed by hillside springs and also carries stormwater from the east side of Sumner to the White River. Salmon Creek contains coho salmon and resident trout species and may be habitat for bull trout. There are multiple "hanging culverts" at road crossings that are fish barriers and need to be replaced. The following project is in the City's Stormwater Plan as Capital Improvement Projects and the remaining budget will be funded through the stormwater utility.

This project includes creek bank restoration and removal of non-native and invasive species and replacement with native species. Additionally, the natural streambed and flow line will be reestablished adjacent to and in the culvert by replacing a minimum 2-foot depth of channel rock. This will improve both habitat and water quality.

The specific project is as described:

CIP-33:   To replace an existing 16-foot-long, 60-inch diameter concrete culvert located on the west side of the BNSF railroad tracks with approximately 20 feet of a 10' x 8' deep 3-sided box culvert with wingwalls. This will replace a "hanging" culvert that has been identified as a fish barrier. Land disturbances associated with this construction will be mitigated through removal of invasive and non-native vegetation and replacement with native vegetation. The total cost for this project is estimated at about $65,000.

The City of Sumner will utilize the $15,000 in settlement funds and substantially complete the described project with in one year of receipt of the settlement funds.

On completion of the project the City of Sumner will notify the United States Department of Justice and Waste Action Project and certify that the funds were spent in compliance with the above described project.

_____, Title,                    November 13, 2006
City of Sumner
Public Works Director